## DUVALL v. HUMPHREY.

### No. 8971.

United States Court of Appeals
District of Columbia.

Argued Dec. 10, 1945.

Decided Feb. 25, 1946.

Mr. Warren E. Miller, of Washington, D. C., for appellant.

Mr. Ralph A. Cusick, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from orders of the District Court which adjudged appellant to be of unsound mind and harmless and appointed a committee of her person and estate.

Appellant is a woman 86 years old. Appellee, her niece, filed a petition for a writ de lunatico inquirendo and for appointment of a committee.[1] The court referred the petition to the Commission on Mental Health.[2] The Commission found that appellant was of unsound mind and harmless, and recommended that she and her property be put in the care of a committee. On appellant's request a jury trial followed.[3] The jury found that appellant was of unsound mind. The court confirmed the jury's verdict and appointed a disinterested member of the bar as committee.[4]

Appellant's counsel contends that appellee was not appellant's "nearest relative or friend available"[5] and therefore was not qualified to file the petition. Appellant's brother who is 81 years old and her sister who is 84 live with appellee, were present at the trial, and joined with other relatives in requesting that appellee be appointed committee (which was not done).

[1] D.C.Code 1940, § 21—310, 53 Stat. 1293.

[2] D.C.Code 1940, § 21—311, 53 Stat. 1294.

[3] D.C.Code 1940, § 21—312, 53 Stat. 1296.

[4] D.C.Code 1940, § 21—315, 53 Stat. 1296.

[5] D.C.Code 1940, § 21—310, 53 Stat. 1293.

No one, as far as appears, has denied that appellant is of unsound mind, that she cannot care for herself and her property, that appellee is interested in her welfare, or that a suitable committee has been appointed after proceedings in which all relatives took part and to which none objected. In these circumstances, at least, the statutory description of the person who may file the petition should be construed liberally. "Nearest available" is an elastic term. It is not intended to require an aged relative, who might make himself available if no one else were available, to bear the burden of starting a proceeding of which he approves. It is intended to exclude officious intermeddlers. Appellee's intervention was not officious but appropriate.

■ Appellant's counsel contends that the commitment was invalid because there were no findings that appellant was dangerous, unfit to be at large, and in need of treatment. No such findings are required.[6] Counsel contends also that certain affidavits were defective because they did not conform to certain provisions of § 21—311 of the Code.[7] But these provisions are irrelevant, for they concern arrest and detention pending trial and appellant was not arrested or detained.

Affirmed.

---

[6] D.C.Code 1940, § 21—315, 53 Stat. 1296.

[7] 53 Stat. 1294.